IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE ART AND CREATIVE
MATERIALS INSTITUTE, INC.,
        Plaintiff,

        v.

BENSTORES, LLC, BENSTORES,
INC. and MATTHEW VAN CAMP,
        Defendants.

CIVIL ACTION NO. _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff The Art and Creative Materials Institute, Inc. alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for trademark infringement, counterfeiting, passing off, dilution,

and unfair competition arising under the trademark laws of the United States, 15 U.S.C. § 1051 et

seq. ("Lanham Act"), and for unfair or deceptive business practices in violation of Massachusetts

General Laws Ch. 93A.

2.      Plaintiff The Art and Creative Materials Institute, Inc. ("ACMI") is a corporation

organized and existing under the laws of the State of New York, registered as a foreign

corporation in Massachusetts with its principal place of business at 99 Derby Street, Suite 200,

Hingham, MA 02043.

3.      Defendant Benstores, LLC is a limited liability company organized and existing

under the laws of the Commonwealth of Massachusetts, with its principal place of business at 59

Trowbridge Street, Belmont, MA 02478.

4.    Defendant Benstores, Inc. is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 112 South Street, Hopkinton, MA 02478, and a location at 6 Avenue E, Hopkinton, MA 02478.

5.    Defendant Matthew Van Camp ("Van Camp") is an individual and Massachusetts resident with a domicile at 4 Foxhill Drive, Southborough, MA 01772.  On information and belief, Van Camp is the sole officer, director and employee of Benstores, LLC and Benstores, Inc. (collectively, "Benstores").

JURISDICTION AND VENUE

6.    This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq.; and pursuant to 28 U.S.C. §1338(b) as an action arising out of claims for false designation of origin and unfair competition.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §§1367(a), as the state law claims asserted thereunder are so closely related to the federal claims brought in this Action as to form part of the same case or controversy.

7.    Personal jurisdiction exists over Benstores in this judicial district because Benstores regularly conducts, transacts and/or solicits business in Massachusetts, and/or otherwise avails itself of the privileges and protections of the laws of the Commonwealth of Massachusetts, and Benstores' unlawful conduct complained of herein has caused and continues to cause injury to Plaintiff within this judicial district such that this Court's assertion of jurisdiction over Benstores does not offend traditional notions of fair play and due process.

8.    Personal jurisdiction exists over Van Camp in this judicial district because he is a resident of the town of Southborough, Massachusetts, regularly conducts, transacts and/or solicits

business in Massachusetts, and/or otherwise avails himself of the privileges and protections of

the laws of the Commonwealth of Massachusetts, and Van Camp's unlawful conduct complained

of herein has caused and continues to cause injury to Plaintiff within this judicial district such

that this Court's assertion of jurisdiction over Van Camp does not offend traditional notions of

fair play and due process.

9.      Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants reside in

this judicial district and because the Defendants conduct, transact and/or solicit business in this

judicial district and, upon information and belief, a substantial part of the events or omissions

giving rise to Plaintiff's claims have occurred, and are continuing to occur, in this judicial

district, and have caused damage to Plaintiff in this judicial district.

## BACKGROUND FACTS

10.     Plaintiff ACMI was established over 75 years ago as an international association

of art, craft, and creative material manufacturers that seeks to promote safety in art and creative

products through its certification program.

11.     ACMI's certification program certifies that art materials manufactured and sold by

subscribers to the program are non-toxic (the Approved Product ("AP") Seal) or carry

appropriate health warning labels (the Cautionary Labeling ("CL") Seal) where necessary.

12.     Products that carry an ACMI-certified seal indicate they have been evaluated by a

Board-certified toxicologist and that the labels are in accordance with federal laws.

13.     A product receives certification to bear the AP SEAL only if the toxicological

evaluation establishes that there are no materials in sufficient quantities to be toxic or injurious to

humans, including children, or to cause acute or chronic health problems.

14.     ACMI's toxicological firm continually reviews the latest scientific and regulatory information to ensure the program is current.

15.     A product that is deemed non-toxic by ACMI's toxicology team is also certified to be labeled in accordance with the chronic hazard labeling standard, ASTM D 4236 and the U.S. Labeling of Hazardous Art Materials Act ("LHAMA").

16.     ACMI's toxicology firm is located at Duke University's Division of Occupational and Environmental Medicine and has over 30 years of experience evaluating more than 60,000 art material formulations for ACMI members and subscribers.

17.     ACMI has a Toxicological Advisory Board that is responsible for reviewing current toxicity issues in concert with the criteria established by ACMI's toxicology firm so as to advise and make recommendations to ACMI on its certification program and procedures.

## THE ACMI AP SEAL TRADEMARK

18.     ACMI applied for Federal trademark registration of the AP Seal certification mark on December 19, 2006 (the "AP SEAL").  The AP SEAL was subsequently allowed, and placed on the Principal Register on March 11, 2008, Registration Number 3,394,088.  See Exhibit A.

## THE DEFENDANTS' INFRINGEMENT

19.     Van Camp and Benstores import and sell various art and craft supplies doing business as Artlicious and Sorillo Brands (the "Products"), neither of which, on information and belief, are registered companies with the Commonwealth of Massachusetts or any other state or commonwealth.

20.     On information and belief, Van Camp is the sole officer, director, and employee of Benstores, and does business under the names Artlicious and Sorillo Brands to sell art and craft supplies on Amazon.com and eBay.com among other websites.

4

21.     The Products sold by Van Camp and Benstores bear the AP SEAL and are advertised with the AP SEAL prominently displayed and asserting the products "conform[] to ASTM-D4236." See, e.g., printout of certain Artlicious products from Amazon.com, attached as Exhibit B.

22.     On information and belief, Van Camp and Benstores have been selling the Products using the AP SEAL without approval or authorization from ACMI since no later than 2014.

23.     Benstores, Van Camp, Artlicious, and Sorillo Brands have never been members of ACMI, have never been subscribers to the ACMI certification program, have never received authorization from ACMI to use any ACMI seal and have never submitted any products for review by ACMI's toxicological firm at any time.

24.     On Amazon.com and eBay.com, Van Camp and Benstores advertise and sell art and craft supplies marked with the AP SEAL under the Artlicious brand and Sorillo Brands. See Exhibit B.

25.     The inclusion of the AP SEAL on the Products sold by Benstores and Van Camp misleads the consumer into believing the Products have been tested by ACMI and certified as non-toxic.

26.     The inclusion of the AP SEAL on the Products sold by Benstores and Van Camp misleads consumers into believing that Artlicious, Sorillo Brands, and/or Benstores are members of ACMI or subscribers to ACMI's certification program and/or have been authorized or licensed to sell products that have been certified as non-toxic by ACMI.

27.     On information and belief, Benstores and Van Camp pay a company in China to manufacture and package the Products with the Artlicious and/or Sorillo Brands name, along with the AP SEAL.

28.     The Products are sold and delivered to consumers either directly from Benstores, through eBay.com, or on Amazon.com, through its "Fulfillment by Amazon" ("FBA") service, which allows Benstores to store the Products in Amazon's fulfillment centers, and providing packing, picking, shipping and customer relations services for the Products.

## CAUSES OF ACTION

### COUNT I
**(against all Defendants)**
**Direct Trademark Counterfeiting Under Sections 32, 34, and 35 of the Lanham Act**
**15 U.S.C. §§ 1114(1)(b), 1116(d), and 1117(b)-(c)))**

29.     Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

30.     Plaintiff is the exclusive owner of all right and title to the AP SEAL trademark and all related Marks.

31.     Plaintiff has continuously used the AP SEAL in interstate commerce since at least as early as the dates of first use reflected in the entry on the principal register of the U.S. Patent and Trademark Office.  See Exhibit A.

32.     Without Plaintiff's authorization or consent, with knowledge of Plaintiff's well-known and prior rights in the AP SEAL and with knowledge that the Products bear the AP SEAL without authorization or consent, Defendants intentionally reproduced, copied, and/or colorably imitated the AP SEAL and/or used spurious designations that are identical with, or substantially indistinguishable, from one or more of the Plaintiff's Marks on or in connection

with the import, export, advertising, marketing, promotion, distribution, display, offering for

sale and/or sale of the Products.

33.     Defendants have imported, exported, advertised, marketed, promoted,

distributed, displayed, offered for sale and/or sold the Products to the purchasing public

affecting interstate commerce and/or have acted with reckless disregard of Plaintiffs' rights in

and to Plaintiffs' Marks, through its participation in such activities.

34.     Defendants have applied reproductions, counterfeits, copies, and colorable

imitations of the AP SEAL to packaging, point-of-purchase materials, online listings,

promotions and/or advertisements intended to be used in commerce upon, or in connection with,

the importing, exporting, advertising, marketing, promoting, distributing, displaying, offering

for sale, and/or selling of the Products, which is likely to cause confusion, mistake, and

deception among the general purchasing public as to the origin of the Products, and is likely to

deceive consumers, the public and the trade into believing that the Products sold by Benstores

and/or Van Camp have been certified by ACMI, are licensed by an ACMI member company or

have otherwise been certified as non-toxic, thereby making substantial profits and gains to

which the Defendants are not entitled in law or equity.

35.     Defendants' unauthorized use of the AP SEAL on or in connection with the

Products was done with notice and full knowledge that such use was not authorized or licensed

by ACMI or its authorized agents and with deliberate intent to unfairly benefit from the

incalculable goodwill inherent in the AP SEAL.

36.     Defendants' actions constitute willful counterfeiting of Plaintiffs' Marks in

violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d), and 1117(b)-(c).

37.     As a direct and proximate result of Defendants' illegal actions alleged herein,

Defendants have caused substantial monetary loss and irreparable injury and damage to Plaintiff,

its business, reputation and valuable rights in and to Plaintiff's Marks and the goodwill

associated therewith, in an amount as yet unknown, but to be determined at trial, for which

Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will

continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and their

Marks.

38.     Based on Defendants' actions as alleged herein, Plaintiff is entitled to injunctive

relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result

of Defendants' unlawful and infringing actions alleged herein, and all gains, profits and

advantages obtained by Defendants as a result thereof, enhanced discretionary damages, treble

damages, and/or statutory damages of up to $2,000,000 per counterfeit mark per type of goods

sold, offered for sale, or distributed and reasonable attorney's fees and costs.

## COUNT II
**(against all Defendants)**
**Direct Infringement of Registered Trademarks**
**115 U.S.C. § 1114/Lanham Act § 32(a)**

39.     Plaintiff restates and incorporates by reference each and every allegation set forth

in the preceding paragraphs as if fully set forth herein.

40.     Plaintiff has continuously used the AP SEAL in interstate commerce since at

least as early as the dates of first use reflected in the entry on the principal register of the U.S.

Patent and Trademark Office.  See Exhibit A.

41.     Plaintiff, as the owner of all right, title and interest in and to Plaintiff's Marks,

has standing to maintain an action for trademark infringement under 15 U.S.C. § 1114.

42.     Defendants were, at the time they engaged in their infringing actions alleged

herein, aware that Plaintiff is the owner of the federal trademark registrations and/or

applications for Plaintiff's Marks.

43.     Defendants did not seek, and failed to obtain consent or authorization from, Plaintiff, as the registered trademark owner of the AP SEAL, to deal in and commercially import, export, advertise, market, promote, distribute, display, retail, offer for sale, and/or sell the Products using the AP SEAL.

44.     Defendants knowingly and intentionally imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale and/or sold the Products improperly bearing and/or utilizing the AP SEAL and/or marks that are a reproduction, counterfeit, copy and/or colorable imitation of the AP SEAL and/or which are identical or confusingly similar to the AP SEAL.

45.     Defendants knowingly and intentionally reproduced, copied, and colorably imitated the AP SEAL and applied such reproductions, copies, or colorable imitations to packaging, wrappers, receptacles, online listings and/or advertisements used in commerce upon, or in connection with, the importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of the Products.

46.     Defendants were, at the time they engaged in their illegal and infringing actions alleged herein, aware that Plaintiff is the owner of all rights in and to the AP SEAL.

47.     Defendants were, at the time they engaged in their illegal and infringing actions alleged herein, aware that the AP SEAL indicates that a product has been certified as non-toxic and conforming with ASTM D4236.

48.     Defendants' egregious and intentional use of the AP SEAL in commerce on or in connection with the Products has caused, and is likely to continue to cause, actual confusion, to cause mistake and is likely to deceive the public into believing that the Products are associated with, or authorized by, Plaintiff to carry the AP SEAL.

49.     Defendants' infringing actions have been deliberate and committed with knowledge of Plaintiff's rights and goodwill in the AP SEAL, as well as with bad faith and the intent to cause confusion, mistake and deception.

50.     Defendants' continued, knowing and intentional use of the AP SEAL without Plaintiff's consent or authorization, constitutes intentional infringement of the federally registered AP SEAL Mark in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.

51.     As a direct and proximate result of Defendants' illegal and infringing actions alleged herein, Plaintiff has suffered substantial monetary loss and irreparable injury, loss and damage to its business and valuable rights in and to the AP SEAL Mark, and the goodwill associated therewith, in an amount as yet unknown, but to be determined at trial, for which it has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff and its AP SEAL.

52.     Based on Defendants' infringing actions alleged herein, Plaintiff is entitled to injunctive relief, damages for the irreparable harm that Plaintiff has sustained, and will sustain, as a result of Defendants' unlawful and infringing actions alleged herein, and all gains, profits and advantages obtained by Defendant as a result thereof, enhanced discretionary damages, as well as other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, and reasonable attorney's fees and costs.

## COUNT III
### (against all Defendants)
### False Designation of Origin, Passing Off & Unfair Competition
### 15 U.S.C. § 1125(a)/Lanham Act § 43(a)

53.      Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     Plaintiff, as the exclusive owner of all right, title and interest in and to the AP SEAL, has standing to maintain an action for false designation of origin and unfair competition under the Federal Trademark Statute, Lanham Act § 43(a) (15 U.S.C. § 1125).

55.     The AP SEAL is inherently distinctive and/or has acquired distinctiveness.

56.     Defendants knowingly and willfully used in commerce products and/or packaging designs that include a seal that is identical or confusingly or substantially similar to, and constitute reproductions of the AP SEAL, and affixed, applied and used false designations of origin and false and misleading descriptions and representations on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or sale of the Products, with the intent to cause confusion, to cause mistake and to deceive the purchasing public into believing, in error, that the Products are authorized, sponsored, approved, endorsed or licensed by Plaintiff and certified to carry the AP SEAL, and/or that Defendants are affiliated, connected or associated with Plaintiff, thereby allowing Defendant to capitalize on the goodwill associated with, and the consumer recognition of, the AP SEAL, to Defendants' substantial profit in blatant disregard of Plaintiff's rights.

57.     By importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Products using the AP SEAL, that is identical to, confusingly similar to or which constitute colorable imitations of Plaintiff's AP SEAL using artwork that is identical and/or confusingly or substantially similar to, or which constitute colorable imitations of, the AP SEAL, Defendant has traded off the extensive goodwill of Plaintiff, and did in fact induce, and will continue to induce, customers to purchase the Products, thereby directly and unfairly competing with products that have in fact been certified by Plaintiff to bear the AP SEAL. Such conduct has permitted and will continue to permit Defendants to make substantial sales and profits based on the goodwill and reputation

of Plaintiff and the AP SEAL, which Plaintiff has amassed through their nationwide marketing, advertising, members' sales and consumer recognition.

58.     Defendants knew, or by the exercise of reasonable care, should have known, that its adoption and commencement of, and continuing use in commerce, of marks and artwork that are identical or confusingly or substantially similar to and constitute reproductions of the AP SEAL would cause confusion, mistake, or deception among purchasers, users and the public.

59.     Upon information and belief, Defendants' aforementioned wrongful actions have been knowing, deliberate, willful, intended to cause confusion, to cause mistake and to deceive the purchasing public, and with the intent to trade on the goodwill and reputation of Plaintiff and the AP SEAL.

60.     As a direct and proximate result of Defendants' aforementioned actions, Defendants have caused irreparable injury to Plaintiff by depriving Plaintiff of the value of the AP SEAL as a commercial asset in an amount as yet unknown, but to be determined at trial, for which they have no adequate remedy at law, and unless immediately restrained, Defendants will continue to cause substantial and irreparable injury to Plaintiff and the goodwill and reputation associated with the value of the AP SEAL.

61.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies as provided by the Lanham Act, including damages that Plaintiff has sustained and will sustain as a result of Defendants' actions alleged herein, and all gains, profits and advantages obtained by Defendants as a result thereof, enhanced discretionary damages and reasonable attorneys' fees and costs.

## COUNT IV
### (against all Defendants)
### Violation of M.G.L. Ch. 93A

62.     Plaintiff restates and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

63.     According to the Massachusetts Consumer Protection Act, M.G.L. c. 93A, a party violates the Massachusetts Consumer Protection Act if he or she engages in an unfair or deceptive act or practice in commerce.

64.     An act occurs in commerce if it takes place in the context of an ongoing business in which the defendant holds himself out to the public.

65.     An act is unfair or deceptive where there is a representation, practice, or omission by the defendant that was likely to mislead consumers.

66.     Therefore, because the Defendants engaged in unfair and deceptive acts and practices as outlined in the facts above, all of the Defendants are liable to Plaintiff for damages resulting from those unfair and deceptive acts and practices.

67.     More particularly, and as described more fully above, the Defendants violated the Massachusetts Consumer Protection Act through Defendants' unlawful, unauthorized, and unlicensed use of the AP SEAL on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the Products.

68.     Defendants' conduct was, and is, a willful and deliberate attempt to mislead consumers, and constitutes the use of deceptive acts or practices in the conduct of business, trade or commerce. Such conduct has deceived and materially misled, or has a tendency to

deceive and materially mislead the consuming public, and has injured, and will continue to

injure, Plaintiff's business, reputation and goodwill in violation of M.G.L. c. 93A, §§2 and 11.

69.     Defendants knew, or by the exercise of reasonable care should have known, that

its advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or

otherwise dealing in the Products using the AP SEAL, would cause mistake or deceive

purchasers, users and the public.

70.     Defendants' use of the AP SEAL falsely indicates to consumers that the Products

have been reviewed by ACMI's toxicological team and have been determined to be non-toxic

and therefore safe for use in accordance with applicable laws and regulations.

71.     As a direct and proximate result of these knowing, willful and intentional

violations of the Massachusetts Consumer Protection Act by the Defendants, Plaintiff has

suffered damages in an amount to be determined at trial.  Further, because the Defendants'

actions were knowing, willful and intentional, the Court should increase the amount up to treble

the amount found by the factfinder and this Court should also order that the Defendants pay all

Plaintiff's attorneys' fees and costs required to bring this action.

PRAYER FOR RELIEF

WHEREFORE Plaintiff prays:

1.     That this Court enter judgment for Plaintiff on each of its claims for relief in the

Complaint;

2.     That this Court preliminarily and permanently enjoin and restrain Defendants

from infringing the trademark AP SEAL and in particular, from advertising, offering for sale,

selling, using or causing to be used the trademark AP SEAL or any colorable imitations or

variations thereof in connection with their business;

3.      That this Court order that all letterhead, labels, signs, prints, packages, wrappers, receptacles, advertising, catalogs, promotional materials, name plates and products in the possession of Defendants, and all plates, molds, matrices, dies and other means of making the same which might, if used, violate the injunction herein granted, be delivered up and destroyed as the Court shall direct;

4.      That Defendants be required to pay Plaintiff three (3) times the amount of such damages as Plaintiff has sustained as a consequence of Defendants' willful infringement of Plaintiff's marks, including willful counterfeiting of Plaintiff's AP SEAL mark, in accordance with 15 U.S.C. § 1114 (Lanham Act § 32), § 1117 (Lanham Act § 35), and § 1125 (Lanham Act § 43), and as a consequence of Defendants' willful violation of Chapter 93A of the General Laws of Massachusetts.

5.      In the alternative to Defendants' profits and Plaintiff's actual damages, that the Defendants be required to pay enhanced discretionary damages and treble damages for the willful use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services and/or for the willful encouragement, enabling, facilitation, participation in and/or material contribution to such use, for statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, which Plaintiff may elect prior to the rendering of final judgment;

6.      That the Defendants be preliminarily and permanently enjoined by this Court from:

a.      manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Products using the AP SEAL;

b.      directly or indirectly infringing in any manner any of Plaintiff's trademarks, copyrights or other rights (whether now in existence or hereafter created) including, without limitation the AP SEAL;

c.      directly or indirectly using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation the AP SEAL to identify any goods or services not authorized by Plaintiff;

d.      directly or indirectly using any of Plaintiff's trademarks or other rights (whether now in existence or hereafter created) including, without limitation the AP SEAL, or any other certifications or marks that are confusingly or substantially similar to the AP SEAL on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Products.

e.      directly or indirectly using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiff, and/or as to the certification, sponsorship or approval of any product manufactured,

imported, exported, advertised, marketed, promoted, distributed, displayed, offered for

sale, or sold by Defendants and Defendants' commercial activities by Plaintiff;

        f.     directly or indirectly engaging in the unlawful, unfair, or fraudulent

business acts or practices, including, without limitation, the actions described herein,

including the advertising and/or dealing in any of the Products using the AP SEAL

without proper authorization and/or certification;

        g.     directly or indirectly engaging in any other act in derogation of Plaintiffs'

rights;

        h.     effecting assignments or transfers, forming new entities or associations, or

utilizing any other device for the purpose of circumventing or otherwise avoiding the

prohibitions set forth in any Final Judgment or Order in this action;

        i.     instructing, assisting, aiding or abetting any other person or entity in

engaging in or performing any of the activities referred to in subparagraphs (a) through

(h) above; and

    7.     That the Defendants be ordered to destroy any and all Products and any and all

packaging, labels, tags, advertising and promotional materials and any other materials in

Defendants' possession, custody or control that bear any label or artwork resembling the AP

SEAL that is confusingly or substantially similar to Plaintiff's AP SEAL pursuant to 15 U.S.C. §

1118;

    8.     That the Defendants be ordered to provide complete accountings for any and all

monies, profits, gains and advantages derived by Defendants from its manufacturing, importing,

exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and/or

otherwise dealing in the Products as described herein;

9.      That Defendants be required to account for and pay to Plaintiff three (3) times the amount of Defendants' profits derived by reason of its willful counterfeiting under 15 U.S.C. § 1117 (Lanham Act § 35);

10.     That this Court award Plaintiff its costs in this action together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117 (Lanham Act § 35) and Chapter 93A of the General Laws of Massachusetts; and

11.     That this Court grant Plaintiff such other relief as it deems just and equitable.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated:  December 20, 2017

Respectfully submitted,

THE ART AND CREATIVE MATERIALS
INSTITUTE, INC.
By its attorneys,

 _/s/ Julie R. Bryan_____
Julie R. Bryan, BBO # 666950
Steven M. Ayr, BBO # 673221
Casner & Edwards, LLP
303 Congress Street
Boston, MA  02210
(617) 426-5900
bryan@casneredwards.com
ayr@casneredwards.com